[NOT FOR PUBLICATION]                              [Docket Nos. 67 & 78]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| RYAN W. MCERLEAN,<br><br>        Plaintiff,<br><br>    v.<br><br>WIECH, et al.,<br><br>        Defendants. | Civil No. 07-5681 (RMB/JS)<br><br>**OPINION** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court upon a motion to dismiss for failure to state an actionable claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Lawrence Petrillo, Fire Marshall for the State of New Jersey ("Defendant Petrillo"), as well as a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), by CFG Health Systems LLC ("Defendant CFG"). Plaintiff Ryan McErlean (the "Plaintiff"), a former inmate at the Atlantic County Justice Facility ("ACJF"), brought this action, pro se, against Defendants Petrillo and CFG, as well as various officials of ACJF, alleging, inter alia, that he was exposed to unsanitary conditions during his incarceration, which caused him to contract Methicillin-Resistant Staphylococcus Aureus ("MRSA"), for which he was improperly treated. Defendant

Petrillo now moves to dismiss the claims against him and Defendant CFG moves for summary judgment. For the reasons set forth herein, the Court will grant Defendant Petrillo's motion to dismiss and deny Defendant CFG's motion for summary judgment.

## BACKGROUND

Plaintiff initiated this action on November 28, 2007, asserting claims against Atlantic County prosecutors for unlawful imprisonment, illegal arrest, and malicious prosecution, stemming from his arrest in an airport for possession of a weapon. The Court dismissed the original Complaint for failure to state a claim; however Plaintiff then moved to re-open and file an amended complaint, which the Court permitted.

Plaintiff, now confined at Ocean County Jail for an unrelated matter, again amended his Complaint on July 13, 2009, adding the Defendants Petrillo and CFG to the case.[1] The Second Amended Complaint raises claims under 42 U.S.C. § 1983 for alleged violations of constitutional rights and also raises what appear to be state tort law claims. It specifically alleges that during Plaintiff's incarceration at ACJF, he was exposed to unsanitary conditions that caused him to contract MRSA, for which he was improperly treated. Defendant Petrillo now moves to dismiss the claims against him and Defendant CFG moves for

---

[1] Also included as defendants in the seconded amended Complaint are ACJF and its employees, health inspectors, and unidentified medical professionals working at ACJF.

summary judgment.  Plaintiff has not opposed Defendant Petrillo's motion to dismiss;[2] however, he has filed a brief in opposition to Defendant CFG's motion for summary judgment.

**I.  Defendant Petrillo's Motion to Dismiss**

A.  Standard

In deciding a Rule 12(b)(6) motion to dismiss, courts must view all allegations in the Complaint in the light most favorable to the plaintiff, Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994), and accept any and all reasonable inferences derived from the facts alleged.  Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991).  Based upon the face of the Complaint, courts must decide if "enough facts to state a claim for relief that is plausible on its face" have been alleged.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the

---

[2] Plaintiff filed a letter requesting repeated service of Defendant Petrillo's motion to dismiss [Dkt. Ent. 72], which Defendant Petrillo provided to Plaintiff and copied to the Court on November 23, 2008.  Plaintiff still failed to file any opposition brief.  Thus, the Court treats the motion as unopposed.  See Dascoli v. United States Postal Service, No. 92-2549, slip op. (D.N.J. Nov. 17, 1992).  Plaintiff retains the right to move for reconsideration pursuant to Local Civil Rule 7.1(I), but the burden would be on him to establish why the Court should reevaluate the matter in light of his failure to file timely opposition here.  See Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, *1 (D.N.J. May 21, 2004).

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citations omitted).  In other words, courts must review the Complaint to determine: (1) if it alleges genuine facts, rather than mere legal conclusions; (2) if the facts alleged (assumed to be true), as well as the reasonable inferences drawn therefrom, establish a claim; and (3) if relief based upon the facts alleged is plausible. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50(2009). A Complaint filed by a pro se litigant is to be liberally construed and need not meet the same rigorous standard of a well pleaded Complaint drafted by a practicing attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

B. Discussion

Plaintiff's Complaint fails to state any genuine claim against Defendant Petrillo.

The Court begins its analysis by identifying the Complaint's non-conclusory averments of fact. Iqbal, 129 S. Ct. at 1949-50. In his Complaint, Plaintiff avers that the unsanitary conditions at ACJF caused him to contract MRSA. (Pl.'s Compl. ¶¶ 24-41.) He specifically points to overcrowding, mold and vermin infestation, and poor ventilation at the facility. (Pl.'s Compl. ¶¶ 29-44.)  The only claim that might be construed as relating to Defendant Petrillo is the averment that he was aware of ACJF's

unsanitary conditions and is "criminally negligent" for "not mandating corrective actions or citing violations." (Pl.'s Compl. ¶¶ 57.) Although the Complaint makes generalized allegations about Defendant Petrillo's liability, it does not allege that Defendant Petrillo has control over ACJF, a facility that is both owned and operated by Atlantic County. Defendant Petrillo leads the New Jersey Division of Fire Safety. The Complaint does not state why non-compliance with fire safety caused Plaintiff's health-related injuries nor ineffective treatment for these injuries. The Court does not credit conclusory allegations, such as Plaintiff's assertion of "criminal negligence" by Defendant Petrillo. See Iqbal, 129 S. Ct. at 1949-50. Thus, no reasonable inferences can be drawn from the Complaint to state a valid claim against Defendant Petrillo.[3]

---

[3] Defendant Petrillo raises two other points in his brief that the Court need not consider. Defendant Petrillo's brief asserts that the New Jersey Division of Fire Safety is not a "person" within the meaning of § 1983. (Def.'s Br. at 8-9.) This point is irrelevant because the Division is not a named defendant in this case. Defendant Petrillo's brief also raises the issue of immunity from Plaintiff's alleged state tort law claims. (Def.'s Br. at 9-12.) Specifically, Defendant Petrillo claims that he is immune from these alleged tort claims under the New Jersey Tort Claims Act, because he does not own or operate ACJF. See N.J.S.A. 59:4-2. The Court need not reach a decision on this point, as it has already determined that Plaintiff's Complaint fails to assert any substantive claim against Defendant Petrillo.

**II. Defendant CFG'S Motion for Summary Judgment**

A.  Standard

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2); <u>Hersh v. Allen Products Co.</u>, 789 F.2d 230, 232 (3d Cir. 1986).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  "[A]t the summary judgment stage the judge's function is not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  <u>Id.</u> at 249.

"In making this determination, a court must make all reasonable inferences in favor of the non-movant."  <u>Oscar Mayer Corp. v. Mincing Trading Corp.</u>, 744 F.Supp. 79, 81 (D.N.J. 1990) (citing <u>Meyer v. Riegel Prods. Corp.</u>, 720 F.2d 303, 307 n.2 (3d Cir. 1983), <u>cert.</u> <u>dismissed</u>, 465 U.S. 1091 (1984)).  However, "the party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading'; its response, 'by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.'" <u>Saldana v. Kmart Corp.</u>, 260 F.3d 228, 232 (3d Cir. 2001) (quoting Fed. R. Civ. P. 56(e)); <u>Matsushita Elec. Indus. Co. v. Zenith</u>

Radio Corp., 475 U.S. 574, 587 (1986).

B.  Discussion

Defendant CFG seeks summary judgment because, it argues, the relevant statute of limitations expired before it was brought into the case through the Second Amended Complaint.  The length of the statute of limitations in a § 1983 action is that which the State provides for personal injury tort claims, here, two years.  Wallace v. Kato, 549 U.S. 384, 386 (2007); N.J.S.A. 2A:14-2.  It is undisputed that Plaintiff's Second Amended Complaint was brought after the two year statute of limitations had expired.  Claims against Defendant CFG are therefore barred unless they "relate back" to the date of the original Complaint.  Fed. R. Civ. P. 15(c)(1).  The purpose of the "relation back" doctrine is to "ameliorate the harsh result of strict application of statutes of limitations by 'preventing part[ies] against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense.'"  Love v. Rancocas Hosp, 270 F. Supp. 2d 576, 580 (D.N.J. 2003) (quoting Yanez v. Columbia Coastal Transport, Inc., 68 F. Supp. 2d 489, 492 (D.N.J. 1999)).  Whether an amended complaint "relates back" is determined by the law that provides the applicable statute of limitations, here, New Jersey.  Fed. R. Civ. P. 15(c)(1)(A).

New Jersey Court Rule 4:9-3 allows "relation back" when

amending a complaint to add a new party to a case, where the action arose out of the same transaction or occurrence set forth in the original pleading, and the party sought to be added

> (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment.

N.J. Court Rule 4:9-3.

It is undisputed that the Second Amended Complaint arose out of the same "transaction or occurrence set forth in the original pleading." Id. Therefore, the Court must determine whether the addition of Defendant CFG satisfies the two prongs set forth above.

The last date Plaintiff received medical treatment from Defendant CFG was on November 29, 2006. Thus, the statute of limitations expired on November 29, 2008, two years from that date. For Plaintiff's claim to survive, Defendant CFG must therefore have been put on notice about the action on or before November 29, 2008.

Defendant CFG concedes that it was made aware of the action before the expiration of the statute of limitations by a letter from Atlantic County counsel on October 21, 2008. (Def.'s Supp. Br. 5.) However, it contends that it "did not have knowledge that but for a mistake, an action would have been brought against

it earlier." (Def.'s Supp. Br. 5.)

Defendant CFG's argument is not convincing. The October 2008 letter specifically states that Plaintiff "seeks to Amend his Complaint and name <u>CFG Health Systems as a defendant in the present litigation</u>." (Def.'s Supp. Br. Ex. K (emphasis added).) It goes on to say, "When counsel is assigned to <u>enter an appearance on behalf of CFG</u>, please have your counsel contact me." <u>Id.</u> (emphasis added). Thus, Defendant CFG cannot plausibly contend that it did not know that it was meant to be included in the action.

Moreover, during the period preceding expiration of the statute of limitations, Plaintiff was apparently working to identify the proper defendants. Apparently, Plaintiff was unsure of who was responsible for his medical care during his incarceration. He corresponded with Atlantic County counsel, who informed him that Defendant CFG is ACJF's contracted medical provider. Because one of Plaintiff's main claims is for improper medical treatment during his incarceration at ACJF, where Defendant CFG is the contracted medical provider, Defendant CFG should have known when it received notice of the action on October 21, 2008, a month prior to the expiration of the statute of limitations, that but for Plaintiff's mistake concerning its identity, the action would have been brought against it earlier. Furthermore, Defendant CFG offers no reason why appearing in this

9

action would cause any undue prejudice.  As such, Plaintiff's claims against CFG "relate back" pursuant to Federal Rule of Civil Procedure 15(c)(1)(A) and New Jersey Court Rule 4:9-3.  The claims are therefore not barred by the statute of limitations.[4]

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendant Petrillo's motion to dismiss and deny Defendant CFG's motion for summary judgment.  An Order will accompany this Opinion.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: April 23, 2010

---

[4] The Court further notes that Defendant CFG's briefing on New Jersey's Affidavit of Merit requirement raises only issues relevant to state-law claims, not Plaintiff's federal civil rights claim. See Casilla v. New Jersey State Prison, No. 05-4590, 2008 WL 4003664, *9 (D.N.J. Aug. 22, 2008) ("[A]n affidavit of merit is not required to support a § 1983 claim.") (quoting Costa v. County of Burlington, No. 07-904, 2008 WL 2802570, *1 n.1 (D.N.J. July 22, 2008)).

10