[Docket Nos. 98, 99]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| RYAN W. McERLEAN,<br><br>            Plaintiff,<br><br>    v.<br><br>WARDEN GARY MERLINE, et al,<br><br>            Defendants. | Civil No. 07-5681 (RMB/JS)<br><br>**OPINION** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

　　This matter comes before the Court upon two motions for summary judgment pursuant to Federal Rule of Civil Procedure 56(a), the first by defendants Atlantic County and Atlantic County Justice Facility Warden Gary Merline ("County Defendants") and the second by CFG Health Systems, LLC (collectively the "Defendants").  Pro se plaintiff Ryan McErlean, formerly an inmate at Atlantic County Justice Facility ("ACJF"), brought this action pursuant to 42 U.S.C. § 1983, alleging, inter alia, that Defendants violated his constitutional rights by subjecting him to overcrowded and unsanitary living conditions, exposing him to Methicillin-resistant Staphylococcus aureus ("MRSA"), and

1

subsequently failing to provide him with adequate medical care.[1] Defendants now move for summary judgment on several grounds, including Plaintiff's failure to exhaust his administrative remedies, a threshold issue. The Court agrees that Plaintiff has failed to exhaust his administrative remedies with respect to CFG's claims and, accordingly, grants summary judgment as to those claims. Regarding the County Defendants' motion, the Court finds that a factual dispute regarding Plaintiff's exhaustion precludes summary judgment. Accordingly, the Court denies the County Defendants' motion without prejudice and shall conduct an

---

[1] Plaintiff's Second Amended Complaint ("Complaint") raises two claims that the Court finds frivolous and dismisses sua sponte without prejudice. See 42 U.S.C. 1997e(c)(1) ("The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."). First, the Court dismisses Plaintiff's claim that Defendants violated his Eighth Amendment rights by "not allowing Plaintiff a [sic] bail." Compl. ¶ 51. Plaintiff does not allege any actions on the part of the Defendants (a county prison, a warden, and a medical services provider) that relate to the judicial decision to hold him without bail, other than to allege that bail hearing forms are available in the prosecutor's office. See Compl. ¶ 43; McErlean v. Wiech, No. 07-cv-5681, 2008 WL 314542 at *4 (D.N.J. Jan. 31, 2008) (dismissing a similar claim in the original complaint). Second, the Court dismisses Plaintiff's Fourteenth Amendment claim alleging an equal protection violation due to the overcrowding of certain areas of the facilities and not others. Compl. ¶ 53. Plaintiff has failed to allege any basis for such housing decisions by the prison, never mind a constitutionally impermissible one. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (a complaint is frivolous if it "lacks an arguable basis either in law or in fact").

evidentiary hearing to resolve the matter.

## I. BACKGROUND[2]

Plaintiff initiated this action on November 28, 2007, asserting claims against Atlantic County prosecutors for unlawful imprisonment, illegal arrest, and malicious prosecution, stemming from his arrest in an airport for possession of a weapon. The Court dismissed the original Complaint for failure to state a claim. Plaintiff then moved to re-open and file an amended complaint, which the Court permitted.

Plaintiff, now confined at South Woods State Prison for an unrelated matter, again amended his Complaint on July 13, 2009, adding Defendants CFG and the Fire Marshall for the State of New Jersey, Lawrence Petrillo. Petrillo moved to dismiss the claims against him, which the Court granted on April 23, 2010. CFG moved for summary judgment on the grounds that the statute of limitations had expired. The Court denied this motion, also on April 23, 2010, finding that Plaintiff's claims in his Second Amended Complaint "related back" to the date of the original Complaint.

The Second Amended Complaint raises various claims under 42

---

[2] All background facts are drawn from the parties' Rule 56.1 Statements of Material Fact and the Complaint and are construed in the light most favorable to Plaintiff. See Kopec v. Tate, 361 F.3d 772, 775 (3d Cir. 2004).

U.S.C. § 1983 for alleged violations of constitutional rights. Specifically, Plaintiff alleges that during his incarceration at ACJF, he was exposed to unsanitary and overcrowded conditions, which caused him to contract MRSA.[3] He also alleges that his MRSA was improperly treated, placing him at risk of amputation or death and subjecting him to severe pain.

The relevant facts are as follows. On June 8, 2006, Plaintiff saw a nurse regarding a boil under his arm. The nurse identified it as MRSA and put him on a fourteen-day cycle of the antibiotic Bactrim. During this two-week treatment, Plaintiff noticed that the boil "came to a head, started leaking out pus, and then [] went away." (McErlean Dep., Def. CFG Summ. J. Br., Ex. G 33:19-21.) His condition cleared up within 20 days. (Id. at 34:4-13.)

Plaintiff alleges that on November 4, 2006, he went to the medical department for a rash on his foot, which was mis-diagnosed as athlete's foot. On November 29, 2006, Plaintiff

---

[3] Plaintiff asserts Fifth and Eighth Amendment violations, Compl. ¶¶ 50, 52, 55, related to his conditions of confinement. The Court construes these claims as Due Process violations arising under the Fourteenth Amendment, since there are no federal defendants in this case (thus, the Fifth Amendment does not apply) and Plaintiff was a pretrial detainee at the time of the incident (thus the Eighth Amendment does not apply). See Hubbard v. Taylor, 399 F.3d 150, 167 n.23 (recognizing the distinction between a pretrial detainee's protection from punishment under the Fourteenth Amendment and a convicted inmates' protection from punishment that is "cruel and unusual" under the Eighth Amendment) (citing Bell v. Wolfish, 441 U.S. 520 (1979)).

returned to the medical department, complaining of a "boil" on his foot.[4]  A doctor diagnosed Plaintiff with cellulitis, prescribed the drug Keflex for him, and instructed him to use a warm compress and elevate his foot.  (CFG's Summ. J. Br. ¶ 21.)  Plaintiff had been in court for the previous three days.  He maintains that he was in a great deal of pain, had a high fever, was sick to his stomach, and that his foot and leg swelled and blackened during this time.  On November 30, 2006, Plaintiff was transferred to the Ocean County Jail.  There, the medical department isolated Plaintiff, cultured his boil, which revealed it to be MRSA, and switched Plaintiff from Keflex to an antifungal ointment and Bactrim.  (CFG's Ex. I 46.)  Plaintiff's condition cleared up within 15 to 20 days of proper treatment.  (McErlean Dep. 72:15-23.)

    Plaintiff alleges that he was exposed to MRSA, as well as tuberculosis and other infectious diseases, due to the overcrowding and unsanitary conditions of ACJF.  He states that he "filed multiple grievances as to overcrowding, unsanitary conditions, vermin and infestations, failure to isolate inmates with infections [<u>sic</u>] diseases, [and] failure to provide full legal access."  (Second Am. Compl. § 44.)

---

[4] In his deposition, Plaintiff stated that he recalled going to the medical department to seek treatment for his foot on another occasion between the November 4th and November 29th visits.  However, there is nothing in the record to support this.  (McErlean Dep. 49:14-23.)

Defendants now move for summary judgment on several grounds, including Plaintiff's failure to exhaust his administrative remedies before filing this action.

## II. STANDARD OF REVIEW

Summary judgment should be granted if "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  An issue is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id.* at 250.

When deciding the existence of a genuine issue of material fact, a court's role is not to weigh the evidence: all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." Meyer v. Riegel Products Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983).  However, "a mere scintilla of evidence," without more, will not give rise to a genuine issue for trial.  Anderson, 477 U.S. at 249.  In the face of such evidence, summary judgment is still appropriate "where the record . . . could not lead a rational trier of fact to find for the nonmoving party . . . ." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986).  "Summary

judgment motions thus require judges to 'assess how one-sided evidence is, or what a 'fair-minded' jury could 'reasonably' decide.'" Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989) (quoting Anderson, 477 U.S. at 265).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).  The non-movant's burden is rigorous: it "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995).

### III. DISCUSSION

The Defendants move for summary judgment of all of Plaintiff's claims on the ground that Plaintiff failed to exhaust available administrative remedies as required by the Prison

Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e(a).  The PLRA provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. 1997e(a).  The PLRA exhaustion requirement was intended to provide prison officials with an opportunity to respond to a prisoner's grievance before the prisoner resorts to the court system, thereby obviating the need for litigation and filtering out some frivolous claims.  Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).  Under the PLRA, a prisoner has not exhausted all his administrative remedies until he has "pursued a grievance through each level of appeal available within the prison system."  Worthy v. Dep't of Corrections, No. 05-cv-751, 2006 WL 2376916 at *3 (D.N.J. Aug. 16, 2006) (citing Spruill, 372 F.3d at 232).  However, "compliance with the administrative remedy scheme will be satisfactory if it is substantial."  Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000) (internal citations omitted).  Significantly, the failure to exhaust is an affirmative defense to be pleaded and proved by the defendant.  See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

The PLRA applies to claims regarding "the environment in which prisoners live, the physical conditions of that

environment, and the nature of the services provided therein." Booth v. Churner, 206 F.3d 289, 294 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001). Thus, the PLRA encompasses complaints about medical services, including claims directed at prison medical staff. See, e.g., Watts v. Herbik, 364 Fed. Appx. 723, 724 (3d Cir. 2010); Smith v. Merline, 719 F. Supp 2d 438, 444-47 (D.N.J. 2010) (denying CFG Medical Company's motion for summary judgment on grounds of failure to exhaust where plaintiff raised genuine issue of material fact as to his exhaustion). The PLRA also applies to claims arising out of pretrial detention. See, e.g., Smith, 719 F. Supp 2d at 440.

There is no dispute that given the nature of the claims in this case, Plaintiff was required to exhaust the remedies available to him within the ACJF before bringing this suit. The parties also do not dispute (1) that Plaintiff received a copy of the Gerald L. Gormley Justice Facility Inmate Handbook ("Inmate Handbook") at the time of his admission, and (2) that it sets forth a two-tier grievance procedure, which controls the issue of exhaustion. The Inmate Handbook states in relevant part:

> All grievances are to be first handled informally through the chain of command (i.e.: Counselor or Officer, Sergeant, Lieutenant/Shift Commander) via an inmate request form. After all attempts to handle the matter informally are exhausted, and still not to the mutual agreement of all involved, the matter can then be formally grieved to the Warden/Director's office. A formal grievance shall be filed only using grievance form #1.20.09 #2 (copy included in the handbook) and available from your housing unit officer.

9

(See County Defs.' Ex. B II-1, Inmate Handbook(emphasis added).)

### A. CFG's Motion for Summary Judgment

CFG argues that all claims relating to its medical treatment of Plaintiff should be dismissed, because Plaintiff has failed to exhaust his administrative remedies.  The Court agrees.

There is nothing in the record to suggest that Plaintiff ever filed a single informal or formal grievance concerning his medical treatment by CFG.  Plaintiff never even alleges in his Second Amended Complaint or his opposition papers that he filed such grievances.[5]  Thus, it is clear to the Court that Plaintiff failed to exhaust available administrative remedies with respect to these claims.  Accordingly, the Court grants CFG's motion for summary judgment.

### B. The County Defendants' Motion for Summary Judgment

The County Defendants' motion requires closer analysis. Plaintiff alleges in the Second Amended Complaint that he "filed multiple grievances as to overcrowding, unsanitary conditions, vermin and infestations, failure to isolate inmates with infections [sic] diseases [and] failure to provide full legal access."  Compl. § 44 (emphasis added).  However, he has not submitted copies of any of these grievances with his opposition

---

[5] In the Second Amended Complaint, Plaintiff merely states that he "filed multiple grievances as to overcrowding, unsanitary conditions, vermin and infestations, failure to isolate inmates with infections [sic] diseases, [and] failure to provide full legal access."  Compl. ¶ 44.

10

papers.  Rather, in his opposition brief, he argues that he attempted to follow the grievance procedure, but that "his grievances were going unanswered."  Pl.'s Opp. at "Point II."  He admits that the grievances may not have been "filled out properly" but also argues that the County Defendants lost, misfiled, or discarded them.  See id.  Plaintiff asserts that he is entitled to discovery of the missing grievances and suggests that the County Defendants have wrongfully withheld them.[6]  See id.  It is unclear why Plaintiff has not raised this discovery dispute before now.  It is also unclear whether Plaintiff alleges that he filed both informal and formal grievances as required by the Inmate Handbook, and whether these allegedly missing grievances address the specific claims asserted in the Complaint.

---

[6] Plaintiff also maintains that he addressed the failed grievance process with a prison social worker, Tamika Farmer, who directed Plaintiff to write a letter to Warden Merline, which Plaintiff did.  See id.  In this undated letter, Plaintiff raises several issues, two of which are relevant for purposes of this motion.  First, Plaintiff complains of severe overcrowding that forced him and his fellow inmates to eat in their rooms on the floor next to their toilets.  McErlean letter to Warden Gary Merline, County Defs.' Ex. E.  Second, Plaintiff complains of "extreme," moldy conditions in the bathrooms.  See id.  Plaintiff argues that the Court should construe this letter as satisfying the exhaustion requirement.  However, even if such a letter could constitute substantial compliance of the formal grievance process, it is not clear that Plaintiff exhausted the informal grievance procedure also required by the Inmate Handbook or even that this letter grieves the specific claims in the Second Amended Complaint.  In any case, the Court need not reach these issues, given the factual dispute concerning Plaintiff's missing grievances, which necessitate an evidentiary hearing.  See infra.

Significantly, the County Defendants did not file a reply brief disputing Plaintiff's suggestion that they wrongfully withheld the relevant grievances during discovery. However, their moving papers assert that while Plaintiff filed "numerous" inmate request forms, they all concerned matters unrelated to the instant litigation, i.e. requests for chess boards, fiscal information, law library access, etc. See County Defs.' Br. 8, Ex. D.[7]  However, the County Defendants have only submitted one of Plaintiff's "numerous" informal requests in support of this contention. The Court is at a loss to understand why the County Defendants have not submitted the remaining grievances so that the Court could determine whether Plaintiff adequately exhausted his administrative remedies. Even if the missing grievances revealed that Plaintiff had grieved his claims only informally, as County Defendants argue, the Court could have then addressed the issue of substantial compliance. See, e.g., supra, at n.6.

In sum, the County Defendants' lack of disclosure to the Court, combined with Plaintiff's sworn allegations that his

---

[7] The County Defendants further allege that Plaintiff only filed a single formal grievance, which also concerned an unrelated matter, e.g. a request for "social worker 'stuff'," including bail reduction forms and WestLaw access. County Defs.' Br. 8-9.  However, it appears that Plaintiff contests this issue as well.  He argues that he attempted to follow the grievance procedure, but that his grievances went unanswered, and that the prison either lost, misfiled, or discarded them. See Pl.'s Opp. Br. at "Point II."

12

grievances have been wrongfully withheld and the County Defendants' failure to rebut this assertion, raise a factual issue as to Plaintiff's exhaustion. See, e.g., Richardson v. Goord, 347 F.3d 431 (2d Cir. 2003) (remanding case to determine factual issue concerning exhaustion where plaintiff testified he had written a letter to defendant state corrections commissioner complaining of medical treatment but letter was missing from his cell). According to the Court's research, the Fifth, Seventh, and Eleventh Circuits have held that district courts should resolve fact disputes about procedural exhaustion at a pre-trial evidentiary hearing. See Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010); Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008); Bryant v. Rich, 530 F.3d 1368, 1373-75 (11th Cir. 2008). Each of these courts has held that district judges may resolve fact disputes necessary to determining whether a plaintiff has exhausted. Although the Third Circuit has not squarely addressed this issue, it has issued a precedential opinion in Drippe v. Tobelinski, 604 F.3d 778 (3d Cir. 2010), in which it signaled its agreement with the Seventh Circuit case Pavey v. Conley, 544 F.3d 739, 740 (7th Cir. 2008), that "exhaustion of administrative remedies under the PLRA is a question of law to be determined by the judge . . . ." Drippe, 604 F.3d at 782. Therefore, in an abundance of caution, the Court will conduct an evidentiary hearing to resolve all fact disputes necessary to determine

13

whether Plaintiff exhausted the available administrative remedies.  If it is found that Plaintiff did exhaust any of his claims, only those claims will survive.

Because judges are cautioned to decide only those issues they must decide, PDK Labs., Inc. v. Drug Enforcement Admin., 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring), the Court declines at this juncture to opine on the alternative grounds for summary judgment raised by the County Defendants.

### IV. CONCLUSION

For the reasons stated herein, CFG's motion for summary judgement shall be **granted**. The County Defendants' motion for summary judgment shall be **denied without prejudice**.  The Court will conduct an evidentiary hearing on **January 20, 2011, at 10am** to resolve all fact disputes concerning Plaintiff's exhaustion of administrative remedies.  The claims asserted in paragraphs 51 and 53 of the Second Amended Complaint are **dismissed without prejudice**. See, supra, at n.1.  An appropriate Order will issue herewith.

Dated: December 7, 2010        s/Renée Marie Bumb
                               RENÉE MARIE BUMB
                               UNITED STATES DISTRICT JUDGE